[Cite as *In re J.B.*, 2020-Ohio-6651.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

In re J.B., Z.B., E.B.

Court of Appeals Nos. E-19-068
E-19-069
E-19-070

Trial Court Nos. 2018-JN-064
2018-JN-063
2018-JN-062

**DECISION AND JUDGMENT**

Decided:  December 11, 2020

* * * * *

Edward J. Stechschulte, for appellant.

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} In this consolidated appeal of three cases, appellant father appeals the November 5, 2019 and November 18, 2019 judgment entries of the Erie County Court of Common Pleas, Juvenile Division, formalizing the in-court, on record agreement of the parties concerning custody and visitation of three minor children.

**{¶ 2}** Appellant presents three assignments of error for our review:

Assignment of Error No. 1: The trial court erred in accepting the agreement without advising Appellant of the parental rights that he was waiving and therefore Appellant's consent was not voluntarily made.

Assignment of Error No. 2: The trial court erred by awarding legal custody of the minor children without ascertaining whether the award was in the children's best interest.

Assignment of Error No. 3: Appellant was denied his constitutional right to effective assistance of counsel.

**{¶ 3}** A brief history of these cases is illuminating. On October 1, 2018, the Erie County Juvenile Court entered an ex parte order granting emergency protective supervision to the Erie County Department of Job and Family Services (ECDJFS). Mother was initially awarded temporary custody and appellant father was ordered to have no contact with the children except through ECDJFS. The next day, on October 2, 2018, ECDJFS filed three separate complaints pursuant to R.C. 2151.27 alleging that each minor child was a neglected/dependent child.

**{¶ 4}** On October 30, 2018, the cases came before the court for an adjudicatory hearing on these complaints. Both mother and father admitted the allegation of dependency and ECDJFS dropped the neglect allegations of the complaints. The court found each child dependent and granted protective supervision, and father was ordered not to have direct or indirect contact with the children except with supervision.

2.

{¶ 5} The matter came up for disposition review on November 27, 2018. In a judgment entry issued December 5, 2018, the court continued the protective supervision and approved a case plan.

{¶ 6} The case then came up again for dispositional review on April 2, 2019. The court again continued protective supervision and the case plan.

{¶ 7} Beginning on May 7, 2019, father filed a flurry of motions for change of parenting time. On May 29, 2019, he filed a motion for change of parenting time and a separate motion to modify custody.

{¶ 8} Father also filed motions to modify visitation on June 7, July 17, and July 23, 2019. On July 23, 2019, the matter came on for dispositional review, and the court continued protective supervision and the case plan.

{¶ 9} The case again came on for disposition review on September 3, 2019, and protective supervision was continued.

{¶ 10} On October 22, 2019, father's pending motions, along with the dispositional review came before the court for trial.

{¶ 11} However, before the trial commenced, the parties reached an agreement on all matters.

{¶ 12} At the hearing, ECDJFS articulated a detailed plan for the father to continue with supervised visitation, graduating overtime to unsupervised visitation, and subsequently overnight visitation, and then ultimately to a schedule of visitation pursuant to the court's standard order.

3.

{¶ 13} In court, appellant was actively engaged in the discussion of holiday visitation, particularly Christmas and Christmas Eve. The record demonstrates that he understood the terms of the agreement.

{¶ 14} Under the agreement that was read into the record, ECDJFS would eventually terminate its protective supervision. On November 5, 2019, the trial court issued an order setting forth the visitation schedule ordering mother's temporary custody terminated and granting her legal custody. The court issued similar orders with respect to the other children. These appeals followed.

**Argument**

{¶ 15} In his first assignment of error, father argues that the trial court erred in accepting the agreement of the parties without first advising him of the parental rights that he was waiving. He does not dispute that he agreed to the settlement as read into the record or that he misunderstood any of its terms.

{¶ 16} In support of his argument, he implores this court to impose a new standard in change of legal custody cases that, heretofore, have been reserved for the domain of permanent termination of custody proceedings. Specifically, he argues that in change of custody cases, the trial court should engage in a personal meaningful colloquy with the parent prior to approval of any agreement. He cites to our case of *Elmer v. Lucas Cty. Children Serv. Bd.*, 36 Ohio App.3d 241, 523 N.E.2d 540 (6th Dist.1987). But the facts and legal considerations involved in *Elmer* are quite distinct from the facts herein. In that case, the agency was seeking permanent custody of the minor children. The appellant

4.

had entered into an agreement in which he was permanently waiving his parental rights. And further, the hearing in *Elmer* was at an adjudicatory stage, which clearly invoked the advisement requirements of Juv.R. 29. The adjudicatory proceeding in this case took place when the juvenile court adjudicated the children as dependent and granted ECDJFS emergency protective supervision on October 2, 2018. That determination and those proceedings are not part of this appeal.

{¶ 17} In this case, the complaints filed by ECDJFS were seeking a finding of neglect/dependency under R.C. 2151.27. While permanent termination of parental rights is a dispositional option for the court under R.C. 2151.353(A)(4), it was not being sought at the October 22, 2019 hearing, nor was it contemplated in the agreement that was read into the record.

{¶ 18} The trial in this instance came before the court on appellant's own numerous motions concerning visitation and custody modification, not for trial involving permanent termination of his parental rights.

{¶ 19} The October 22, 2019 hearing was, therefore, dispositional in nature which was governed by Juv.R. 34 and R.C. 2151.353. The only advisement and colloquy required under either the rule or statute at a dispositional hearing of this nature is the advisement of the right to appeal, pursuant to Juv.R. 34(J).

{¶ 20} The detailed record of this agreement concerning appellant's rights of visitation was read into the record with appellant and his counsel present. The agreement envisioned a gradual expansion of his visitation and would eventually culminate with a

5.

standard court schedule of visitation. At no point in this proceeding was permanent termination of appellant's parental rights even contemplated or implicated.

{¶ 21} Therefore, upon consideration of the record, statutes and case law, we cannot find appellant's first assignment of error to be well-taken and it is hereby denied.

{¶ 22} Appellant's second assignment of error seeks reversal because the court failed to determine that the agreement concerning the custody was in the best interests of the children.

{¶ 23} After a court adjudicates a child abused, neglected, or dependent, the court then has a menu of dispositional alternatives at the ready, including, among other things, granting legal custody to a relative or any other person who petitioned for legal custody. *See* R.C. 2151.353(A).

{¶ 24} A determination of a child's best interest remains the primary standard to be applied in custody cases. *In re A.W.*, 6th Dist. Lucas No. L-10-1257, 2011-Ohio-1267, ¶ 15, citing *In re Pryor*, 86 Ohio App.3d 327, 332, 620 N.E.2d 973 (4th Dist.1993). When a court chooses among the dispositional options, the best interest of the child is the primary consideration. *In re E.R.M.*, 1st Dist., Hamilton, C-190391, 2020-Ohio-2806, ¶ 13.

{¶ 25} The trial court in this instance did not make any finding as to whether the disposition of these cases and the agreement concerning custodial determinations are in the best interest of the children. Appellee ECDJFS also concedes this point.

6.

{¶ 26} Therefore, we find the second assignment of error to be well-taken and granted.

{¶ 27} Considering our disposition of the second assignment of error, we find appellant's third assignment of error concerning ineffective assistance of counsel to be moot.

### Conclusion

{¶ 28} The judgment of the Erie County Court of Common Pleas, Juvenile Division, is affirmed, in part, and reversed, in part.

{¶ 29} We hereby reverse and remand this case to the trial court for a determination of whether the disposition of the legal custody pursuant to the agreement of the parties is in the best interest of the children. The costs of this appeal are to be split equally between the parties pursuant to App.R. 24(A).

Judgment affirmed, in part,
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.              _____
                                      JUDGE

Thomas J. Osowik, J.

                                 _____
Gene A. Zmuda, P.J.                                  JUDGE
CONCUR.

                                 _____
                                        JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.